UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 08-310-GWU


APRIL WILSON,                                                                    PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.


**INTRODUCTION**

April Wilson brought this action to obtain judicial review of an unfavorable

administrative decision on her application for Supplemental Security Income (SSI).

The case is before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

1.    Is the claimant currently engaged in substantial gainful activity?
      If so, the claimant is not disabled and the claim is denied.

2.    If the claimant is not currently engaged in substantial gainful
      activity, does he have any "severe" impairment or combination
      of impairments--i.e., any impairments significantly limiting his
      physical or mental ability to do basic work activities?  If not, a
      finding of non-disability is made and the claim is denied.

3.    The third step requires the Commissioner to determine
      whether the claimant's severe impairment(s) or combination of
      impairments meets or equals in severity an impairment listed
      in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of

1

       Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.     At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.     If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

      Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

      One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician

2

08-310  April Wilson

than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.   Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work.  Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to

08-310  April Wilson

make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition,

a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Wilson, a 25-year-old woman with a "limited" education and no past relevant work history, suffered from impairments related to a panic disorder, an obsessive-compulsive disorder, depression and anxiety.  (Tr. 20, 26).  Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of heavy level work.  (Tr. 23-24).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 26-27).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 27).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Joyce Forrest included such non-exertional limitations as (1) a limitation to simple, entry level work with one-two step procedures; (2) no frequent changes in work routines; (3) an inability to perform work requiring detailed or complex problem solving, independent planning or setting goals; (4) no more than occasional interaction with co-workers

08-310  April Wilson

or supervisors requiring detailed teamwork work problem solving confrontation; and (5) a limitation to work in an object-oriented environment with limited interaction with the general public.  (Tr. 285-286).  In response, the witness identified a significant number of jobs which could still be performed.  (Tr. 286-287).  Therefore, assuming that the vocational factors considered by Forrest fairly characterized Wilson's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

Dr. Syed Raza examined Wilson and diagnosed a panic disorder with agoraphobia and dysthymia as well as a possible dependent personality disorder. (Tr. 141).  Dr. Raza rated the plaintiff's Global Assessment of Functioning (GAF) at 70.  (Id.).  Such a GAF suggests the existence of only "mild" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34.  The doctor opined that the claimant would have a "fair" ability to interact with supervisors and the public and "poor" coping skills.  (Tr. 142).  The extensive mental limitations presented to the vocational expert were essentially consistent with this opinion.

Wilson sought treatment for her mental difficulties at the Kentucky River Comprehensive Care Center.  The Kentucky River staff diagnosed her as suffering from depression with anxiety features and panic attacks. (Tr. 242). Specific mental restrictions were not assessed.  (Tr. 225-248).  However, the plaintiff's GAF was

8

rated at 70, suggesting the existence of only mild psychological symptoms.  (Tr. 242).  This opinion does not suggest the existence of a totally disabling condition and, so, supports the administrative decision.

Psychologists Jay Athy (Tr. 143-146) and Laura Cutler (Tr. 180-183) each reviewed the record and completed Mental Residual Functional Capacity Assessment forms.  Both reviewers opined that Wilson would be "moderately" limited in such areas as handling detailed instructions, maintaining attention and concentration, working in coordination with others, completing a normal workday and workweek without interruption from psychologically-based symptoms and performing at a consistent pace without an unreasonable length and number of rest periods, interacting appropriately with the general public, getting along with co-workers or peers without distracting them or exhibiting behavioral extremes, and responding appropriately to changes in the work setting.  The mental factors of the hypothetical question were essentially consistent with these somewhat differently worded but not necessarily totally disabling mental limitations.  Even if this were not the case, Social Security Ruling 85-15 states when a claimant's only impairment is mental but not of Listing severity, then a finding of disabled status would only be appropriate if the mental restrictions caused a "substantial loss" of ability to deal with simple instructions, respond appropriately to supervision, co-workers, or usual work situations or to deal with changes in a routine work setting.  The "moderate"

08-310  April Wilson

limitations indicated by the reviewers would not appear to rise to this level of severity.  Therefore, the reviewers do not support the plaintiff's claim of total disability.

Most of Wilson's arguments concern evidence which was submitted directly to the Appeals Council and was never seen by the ALJ.[1]  The court can only consider this information for the limited purpose of a remand for the taking of new evidence before the Commissioner.  Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993).

A court may order additional evidence be taken before the Commissioner, " . . . but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ."  42 U.S.C. § 405(g).  The statute provides that a claimant must prove that the additional evidence is both material and that good cause existed for its not having been submitted at an earlier proceeding.  Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988).  In order to demonstrate "materiality," a claimant must show that a reasonable probability exists that the Commissioner would have reached a different conclusion if originally presented with the new evidence.  Sizemore, 865 F.2d at 711.  Thus, the

---

[1]The plaintiff also argues that meaningful review of the administrative decision is not possible because page 288 of the transcript (page 25 of the administrative hearing) is missing from the file.  However, the administration filed the missing page in a supplemental transcript, curing this deficiency.

10

new evidence must be "material" and "good cause" must be shown why it was not previously submitted.

The medical records with which Wilson seeks a remand of the action include treatment notes from Kentucky River dated between January, 2007 and May, 2007 (Tr. 254-257) and a report from Psychologist Barbara Belew, consultative examiner, dated June 7, 2007 (Tr. 258-263) with her arguments stressing the significance of the Belew report rather than the Kentucky River treatment notes. The plaintiff has offered no explanation as to why such records were not entered into evidence prior to the issuance of the ALJ's final decision on March 28, 2007. While most of these records were not in existence at the time of the denial decision, such, by itself, does not satisfy the "good cause" test and a valid reason for failure to obtain the evidence must still be shown. Oliver v. Secretary of Health and Human Services, 804 F.2d 964, 966 (6th Cir. 1986). The claimant filed for SSI in February of 2005 (Tr. 61) and, so, had over two years to arrange a timely examination with Belew but failed to do so. Furthermore, while the psychologist does identify more severe mental problems than those found by the ALJ (Tr. 262-263), these restrictions do not necessarily "relate back" to the relevant time period prior to March 28, 2007 and, so, are not "material." Therefore, the claimant has failed to meet either the "good cause" or "materiality" requirements and a remand for the taking of new evidence is not appropriate.

11

08-310  April Wilson

After a review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 23rd day of July, 2009.

**Signed By:**

_**G. Wix Unthank**_

**United States Senior Judge**